ALEX G. TSE (CABN 152348)
Acting United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

FRANK J. RIEBLI (CABN 221152)
KATHERINE L. WAWRZYNIAK (CABN 252751)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3680
   FAX: (510) 637-3724
   Frank.Riebli@usdoj.gov
   Katherine.Wawrzynia@usdoj.gov

Attorneys for United States of America

FILED

JUN 18 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ADAN GONZALEZ, <br> a/k/a "Spook," <br><br> Defendant. | Case No. CR 16-382 HSG <br><br> PLEA AGREEMENT |

     I, Adan Gonzalez, and the United States Attorney's Office for the Northern District of California (hereafter "the government") enter into this written Plea Agreement (the "Agreement") pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure:

The Defendant's Promises

     1.    I agree to plead guilty to Count One of the captioned Superseding Indictment charging me with conspiracy to manufacture, distribute and possess with intent to distribute 100 or more marijuana plants, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B). I agree that the elements of that offense are as follows: (1) There was an agreement between two or more people to manufacture, distribute and possess with intent to distribute marijuana; (2) I joined that agreement knowing its

PLEA AGREEMENT
CR 16-382 HSG

1

purpose and intending to help accomplish that purpose; and (3) I knew or reasonably anticipated that the purpose of the conspiracy was to cultivate 100 or more marijuana plants. I agree that the maximum penalties are:

| | | |
|---|---|---|
| a. | Maximum prison term | 40 years |
| b. | Minimum term | 5 years |
| c. | Maximum fine | $5,000,000 |
| d. | Maximum supervised release term | Life |
| e. | Minimum term | 4 years |
| f. | Restitution | As determined by the Court |
| g. | Mandatory special assessment | $100 |
| h. | Forfeiture | As set forth below |
| i. | Mandatory and discretionary denial of federal benefits | |

I understand that the statute I have violated (21 U.S.C. §§ 846, 841(b)(1)(B)) subjects me to a mandatory minimum prison sentence of five (5) years, a maximum prison sentence of 40 years, and fine of $5 million. I understand that I am charged in Count One of the captioned Superseding Indictment with an offense that involves 100 or more marijuana plants. I understand further that I have the right to require the government to prove to a jury beyond a reasonable doubt the quantity of drugs charged in Count One. If the government should not meet its burden of proving the quantity of drugs charged in Count One, then the above-described maximum penalties would be lower.

I acknowledge that it is virtually certain that pleading guilty will have consequences with respect to my immigration status if I am not a natural born citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which I am pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and I understand that no one, including my attorney or the district court, can predict to a certainty the effect of this conviction on my immigration status. I nevertheless affirm that I want to plead guilty regardless of any immigration consequences that may result from my guilty plea, even if the consequence is my automatic removal from the United States. I also acknowledge that there are no identical or substantially similar charges to non-removable offenses to which the government would agree.

2. I agree that I am guilty of the offense to which I am pleading guilty, and I agree that the following facts are true: I conspired with my co-defendants to cultivate and distribute marijuana. I knew that my co-defendants had several marijuana grow houses in the Bay Area and elsewhere, including in a room of a merchandise store I operated. I assisted in the cultivation and distribution of

PLEA AGREEMENT
CR 16-382 HSG

2

marijuana. For example, on May 4, 2016, my co-defendant Oscar Escalante directed me to purchase equipment for use in the grow operation (a cloning machine and cloning solutions) and bring them to the grow house at 406 H Street in Antioch. I did that for him. On May 9, 2016, I went to the grow house at 3572 Yacht Drive in Discovery Bay and found that the power was out. I informed Escalante and he gave me instructions on how to pay the utility bill in person to get the power turned back on. I paid the bill and then went back to work in that grow house. I also distributed the harvested marijuana for Escalante. He gave me the marijuana on credit and allowed me to pay him for it once I had sold the drugs. I knew, based on the number of grow houses and the duration of the conspiracy, that this conspiracy involved at least 100 marijuana plants. I agree that, on or about the date of my arrest (on August 24, 2016), the conspiracy was cultivating approximately 1,216 marijuana plants, and that this amount will be attributed to me for purposes of relevant conduct.

      3.    I agree to give up all rights that I would have if I chose to proceed to trial, including the rights to a jury trial with the assistance of an attorney; to confront and cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to any further discovery from the government; and to pursue any affirmative defenses and present evidence.

      4.    I agree to give up my right to appeal my conviction, the judgment, and orders of the Court, as well as any aspect of my sentence, including any orders relating to forfeiture and/or restitution, except that I reserve my right to claim that my counsel was ineffective.

      5.    I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, except that I reserve my right to claim that my counsel was ineffective. I also agree not to seek relief under 18 U.S.C. § 3582.

      6.    I agree not to ask the Court to withdraw my guilty plea at any time after it is entered. In the event I violate any of the terms of the Agreement, I agree that the facts set forth in Paragraph 2 of this Agreement and, if applicable, the fact that I made a sworn admission to them in a previous court proceeding, shall be admissible against me in any subsequent proceeding, including at trial. In any subsequent proceeding conducted after I violate any of the terms of the Agreement, I expressly waive any and all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 with regard to the facts set forth in

Paragraph 2 of the Agreement and, if applicable, the fact that I made a sworn admission to them at a previous court proceeding.

7. I understand that the Court must consult the United States Sentencing Guidelines and take them into account when sentencing, together with the factors set forth in 18 U.S.C. § 3553(a). I also understand that the Court is not bound by the Guidelines calculations below; the Court may conclude that a higher Guidelines range applies to me, and, if it does, I will not be entitled, nor will I ask to withdraw my guilty plea. I further agree that regardless of the sentence that the Court imposes on me, I will not be entitled, nor will I ask, to withdraw my guilty plea. I agree that the Sentencing Guidelines offense level should be calculated as set forth below, and that I will not request a downward departure under the Sentencing Guidelines from that offense level although I reserve the right to seek a downward variance to any statutory minimum term of imprisonment based on the factors set forth in 18 U.S.C. § 3553(a). I understand that the government is free to oppose any such request. The parties have reached no agreement regarding my Criminal History Category.

| | | | |
|---|---|---|---|
| a. | Base Offense Level, U.S.S.G. § 2D1.1(c)(8) & n. E to Drug Quant. Table: (100 kg to 400 kg of marijuana) | | 24 |
| b. | Specific offense characteristics under U.S.S.G. Ch. 2 | | None |
| c. | Adjustments under U.S.S.G. Ch. 3 (e.g. role in the offense) | | None |
| d. | Acceptance of Responsibility: If I meet the requirements of U.S.S.G. § 3E1.1, I may be entitled to a three-level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing. | | -3 |
| e. | Adjusted Offense Level: | | 21 |

8. I agree that regardless of any other provision of this Agreement, the government may and will provide the Court and the Probation Office with all information relevant to the charged offense and the sentencing decision. I agree that, based on the nature of the offense and my criminal history, the Court should impose the following special condition of supervised release, which is reasonably related to deterrence and rehabilitation:

<u>Special Condition (Searches)</u>

The defendant shall submit his person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any

PLEA AGREEMENT
CR 16-382 HSG                                   4

property under defendant's control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time, with or without suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

9. I agree that I will make a good-faith effort to pay any fine, forfeiture, or restitution I am ordered to pay. I agree to pay the special assessment at the time of sentencing.

10. I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial release; not to intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government; and not to fail to comply with any of the other promises I have made in this Agreement. I agree not to have any contact with any co-defendants, victims or witnesses in this case, either directly or indirectly, before and after I am sentenced. This includes, but is not limited to, personal contact, telephone, mail, or electronic mail contact, or any other written form of communication, and includes any harassing, annoying, or intimidating conduct by me directed to any victims or witnesses. I agree that the Court may also include this no-contact provision as a condition of my supervised release term. I agree that if I fail to comply with any promises I have made in this Agreement, then the government will be released from all of its promises in this Agreement, including those set forth in the Government's Promises Section below, but I will not be released from my guilty plea.

11. I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future. No modification of this Agreement shall be effective unless it is in writing and signed by all parties.

12. I agree that the Agreement binds the U.S. Attorney's Office for the Northern District of California only, and does not bind any other federal, state, or local agency.

The Government's Promises

13. The government agrees to move to dismiss any open charges pending against the defendant in the captioned case at the time of sentencing.

14. The government agrees not to file any additional charges against the defendant that could be filed as a result of the investigation that led to the captioned Superseding Indictment.

15. The government agrees to recommend a sentence within the range associated with the

Guideline calculations set out in paragraph 7 above, unless the defendant violates the terms of the Agreement above or fails to accept responsibility.

<u>The Defendant's Affirmations</u>

16. I agree that my participation in the District Court's Conviction Alternative Program is not appropriate and that I will not request to be considered for and will not participate in that program as a result of my convictions for these offenses.

17. I confirm that I have had adequate time to discuss this case, the evidence, and the Agreement with my attorney and that my attorney has provided me with all the legal advice that I requested.

18. I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine that would impair my ability to understand the Agreement.

19. I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defense, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this Agreement.

Dated: 6-18-18

ADAN GONZALEZ
Defendant

ALEX G. TSE
Acting United States Attorney

Dated: 6/18/18

FRANK J. RIEBLI
KATHERINE L. WAWRZYNIAK
Assistant United States Attorneys

20. I have fully explained to my client all the rights that a criminal defendant has and all the terms of this Agreement. In my opinion, my client understands all the terms of this Agreement and all

the rights my client is giving up by pleading guilty, and, based on the information now known to me, my client's decision to plead guilty is knowing and voluntary.

Dated: 6/18/2018

CHRISTOPHER CANNON
Attorney for Defendant